Attorneys for Plaintiff:
GEORGE S. CARDONA, Acting United States Attorney
LEON W. WEIDMAN, Chief, Civil Division
MONICA L. MILLER, California Bar No: 157695          JS 6
Assistant United States Attorney
E-mail:  Monica.Miller@usdoj.gov
United States Attorney's Office
300 North Los Angeles Street, Room 7516, Los Angeles, CA 90012
Telephone:   (213) 894-4061; Fax: (213) 894-7819

STEVEN O'ROURKE (Mass. Bar No. 565493)
Environmental Enforcement Section
P.O. Box 7611, Washington, DC 20044-7611
Tel:  (202)514-2779; Fax:  (202)514-2583
Email: Steve.o'rourke@usdoj.gov

Attorneys for Pacific:
SUSAN C. YU, California Bar No.: 195640
Email: yu@mesereauyu.com
THOMAS A. MESEREAU, JR., California Bar No.: 91182
Email: mesereau@mesereauyu.com
MESEREAU & YU, LLP
10390 Santa Monica Blvd., Suite 220
Los Angeles, CA, 90025
Telephone: (310) 789-1177
Facsimile: (310) 861-1007

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
Western Division

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiffs,<br><br>v.<br><br>PACIFIC PIPELINE SYSTEMS, LLC,<br><br>Defendant. | CV08-5768 DSF (SSx)<br><br>**CONSENT DECREE** |

# TABLE OF CONTENTS

I.  JURISDICTION AND VENUE...................................................... 5
II.  APPLICABILITY ................................................................... 5
III.  DEFINITIONS...................................................................... 7
IV.  CIVIL PENALTY ................................................................. 8
V.  COMPLIANCE REQUIREMENTS ......................................... 9
VII.  REPORTING REQUIREMENTS ........................................ 10
VIII.  STIPULATED PENALTIES............................................... 12
IX.  FORCE MAJEURE .............................................................. 14
X.  DISPUTE RESOLUTION .................................................... 16
XI.  INFORMATION COLLECTION AND RETENTION...................... 19
XII.  EFFECT OF SETTLEMENT/RESERVATION OF RIGHTS............ 20
XIII.  COSTS ............................................................................. 22
XIV.  NOTICES .......................................................................... 22
XV.  EFFECTIVE DATE ............................................................ 23
XVI.  RETENTION OF JURISDICTION ..................................... 24
XVII.  MODIFICATION............................................................. 24
XVIII.  TERMINATION ............................................................ 24
XIX.  PUBLIC PARTICIPATION............................................... 24
XX.  SIGNATORIES/SERVICE.................................................. 25
XXI.  INTEGRATION ................................................................ 25
XXII.  FINAL JUDGMENT........................................................ 26
*APPENDIX* ............................................................................ 26

Plaintiff United States of America, on behalf of the United States Environmental Protection Agency ("EPA") filed a complaint in this action on September 4, 2008, alleging that Pacific Pipeline Systems, LLC violated Sections 301(a) and 311(b) of the Clean Water Act, 33 U.S.C. §§ 1311(a) and 1321(b), which provide for strict liability (i.e. liability without a finding of fault or negligence).  The United States filed this civil action under the Clean Water Act (the "Act"), 33 U.S.C. §§ 1251–1387.  The United States seeks civil penalties under 33 U.S.C. § 1321(b)(7)(A), and injunctive relief under 33 U.S.C. § 1319(b) against PPS.

Pacific has entered into this Consent Decree solely for the purposes of settlement and compromise of disputed claims.  By entering into this Consent Decree, Pacific does not admit, and hereby denies all of the factual allegations or legal claims in the Complaint except as otherwise specified in Section ---(Jurisdiction and Venue) of this Consent Decree, nor does Pacific admit any liability to the United States or any third party arising out of the Spill or out of the transactions or occurrences alleged in the Complaint.

The Complaint against Pacific alleges that on March 23, 2005, approximately 3,393 barrels of crude oil were discharged from Pacific's Line 63 pipeline, some of which reached Pyramid Lake, Posey Canyon Creek, and adjoining shorelines.  The discharge occurred when a landslide caused the pipeline to rupture.

In addition to the work to be undertaken pursuant to this Consent Decree, Pacific certifies that it has taken the following steps to decrease the likelihood of other such discharges:

1. Subsequent to the Discharge, Pacific responded to the Spill and completed the response to the satisfaction of the EPA.  Pacific incurred expenses of approximately $23 million on the response action.

2. Pacific performed permanent relocation of Line 63 at Mile Post 28.4 (Posey Canyon repairs), using horizontal directional drilling ("HDD") to route 1,100 feet of the pipeline 30 feet below the landslide plane.

3.  Pacific performed repair and stabilization of Line 63 at Mile Post 10.5 (Grapevine Creek repairs).

4.  Pacific performed permanent relocation of Line 63 at Mile Post 50 (Castaic Creek repairs) using HDD to route 1,900 feet of the pipeline under Castaic Creek.

5.  Pacific performed permanent relocation of Line 63 at Mile Post 32 (Vista Del Lago repairs) using HDD to route 2,228 feet of the pipeline below the landslide plane.

6.  In 2006, Pacific conducted an in-line inspection of Line 63 to identify deformations in the pipeline, and Pacific made subsequent repairs.

7.  At Mile Posts 9.5, 11.5 and 13.3, Pacific relocated and buried exposed pipe.

8.  At Gun Club Creek (Mile Post 39.09), the pipeline was in need of additional protection at an exposed location across the creek.  Pacific installed pipe protection at this location in April 2009.

9.  At Windage (Mile Post 39.17), the pipeline was in need of additional support and protection at an exposed span.  Pacific installed support and protection at this location in April 2009.

10. At Windage (Mile Post 39.17), the pipeline was in need of additional support and protection at an exposed span.  Pacific installed support and protection at this location in April 2009.

11. Pacific has relocated Line 2000 pipe and fiber optic cables at Line 2000 Mile Post 46.5.

12. In addition to its usual aerial line inspections, Pacific increases its aerial line inspections to twice per week, weather permitting, when the integrity of Line 63 could be at risk from landslides due to accumulated rainfall.

13. Pacific conducts emergency training exercises and has included lessons learned from this landslide event in its spill response drills.

14. Pacific previously paid the State of California $650,000 pursuant to California Fish and Game Code Section 12017.

The Parties recognize, and the Court by entering this Consent Decree finds, that this Consent Decree has been negotiated by the Parties in good faith and will avoid litigation between the Parties and that this Consent Decree is fair, reasonable, and in the public interest.

NOW, THEREFORE, with the consent of the Parties, IT IS HEREBY ADJUDGED, ORDERED, AND DECREED as follows:

## I. JURISDICTION AND VENUE

1. This Court has jurisdiction over the subject matter of this action, pursuant to 28 U.S.C. §§ 1331, 1345, and 1355, and the CWA, 33 U.S.C. § 1319(b) (Civil actions); 33 U.S.C. § 1321(b)(7)(E) (Jurisdiction); and 33 U.S.C. § 1321(n) (Jurisdiction), and over the Parties. Venue lies in this District pursuant to 33 U.S.C. § 1319(b) (Civil actions); 33 U.S.C. § 1321(b)(7)(E) (Jurisdiction), 33 U.S.C. § 1321(n) (Jurisdiction), and 28 U.S.C. 1391 and 1395(a), because the violations alleged in the Complaint are alleged to have occurred in, and Pacific conducts business in, this judicial district. For purposes of this Decree, or any action to enforce this Decree, Pacific consents to the Court's jurisdiction over this Decree and any such action and over Pacific and consents to venue in this judicial district.

## II. APPLICABILITY

2. The obligations of this Consent Decree apply to and are binding upon the United States and upon Pacific and any successors, assigns, or other entities or persons otherwise bound by law.

3. Subject to Paragraph 64 of this Consent Decree, no transfer of ownership or operation of the Facilities, whether in compliance with the procedures of this Paragraph or otherwise, shall relieve Pacific of its obligation to ensure that the terms of the Decree are implemented.

a.     Pacific's transfer of ownership or operation of any portion of the Facilities on which work will be performed pursuant to this Consent Decree shall be conditioned on the transferee's written agreement to undertake then uncompleted obligations required by this Consent Decree, and such agreement shall be enforceable by the United States as a third-party beneficiary.  Provided, however, that the provisions of this Paragraph 3 shall not apply to Pacific's transfer of a portion of the ownership of the Facilities, where Pacific continues to hold a portion of the ownership of the Facilities and Pacific continues to operate the Facilities.

b.     At least thirty (30) Days prior to such transfer, Pacific shall provide a copy of this Consent Decree to the proposed transferee and at least thirty (30) days prior to such transfer shall provide written notice of the prospective transfer, together with a copy of the proposed written agreement, to EPA, the United States Attorney for the Central District of California, and the United States Department of Justice, in accordance with Section XIV of this Decree (Notices).

c.     Any attempt to transfer ownership or operation of the Facilities without complying with this Paragraph constitutes a violation of this Decree.

4.     Pacific shall provide a copy of this Consent Decree to all officers, and provide a copy of Appendix A and the applicable work plans (or appropriate portion thereof) developed pursuant to Appendix A to supervisory employees whose duties include compliance with any provision of this Consent Decree, and agents, including contractors who need to know the specifics of the work plan to perform their contract. Pacific shall condition any such contract upon performance of the work in conformity with the relevant portion of the terms of this Consent Decree or relevant portion of Appendix A or relevant portion of applicable work plan.

5.     In any action to enforce this Consent Decree, Pacific shall not raise as a defense the failure by any of its officers, directors, employees, agents, including contractors, to take any steps necessary to comply with the provisions of this Consent Decree.

## III.  DEFINITIONS

6.  Terms used in this Consent decree that are used or defined in the Act or in regulations promulgated pursuant to the Act shall have the meanings assigned to them in the Act or such regulations, unless otherwise provided in this Decree.  Whenever the terms set forth below are used in this Consent Decree, the following definitions shall apply:

a.  "Complaint" shall mean the complaint filed by the United States in this action;

b.  "Consent Decree" or "Decree" shall mean this Decree including Appendix A, and any work plan or schedule approved under this Consent Decree or Appendix A.

c.  "Day" shall mean a calendar day unless expressly stated to be a business day.  In computing any period of time under this Consent Decree, where the last day would fall on a Saturday, Sunday, or federal holiday, the period shall run until the close of business of the next business day;

d.  "Pacific" shall mean Defendant Pacific Pipeline Systems, LLC.

e.  "EPA" shall mean the United States Environmental Protection Agency and any of its successor departments or agencies;

f.  "Effective Date" shall have the definition provided in Section XV.

g.  "Facilities" shall mean Pacific's "Line 63" pipeline and its appurtenant fixtures and improvements, including but not limited to the pipeline, pumpstations, retaining walls, supports and measuring devices, which are located in Southern California.

h.  "Paragraph" shall mean a portion of this Decree identified by an arabic numeral;

i.  "Parties" shall mean the United States and Pacific;

j.  "Section" shall mean a portion of this Decree identified by a roman numeral;

k.     "Termination" shall have the meaning provided in Section XVIII.

l.     "United States" shall mean the United States of America, acting on behalf of EPA.

### IV.  CIVIL PENALTY

7.     Within thirty (30) Days after the Effective Date of this Consent Decree, Pacific shall pay the sum of $1.3 million, as a civil penalty, together with interest accruing from the date this Consent Decree is executed by all parties and this Consent Decreet is lodged with the Court, at the rate specified in 28 U.S.C Section 1961 as of the date of lodging.

8.     Pacific shall make the payment[s] described in the preceding paragraph (Paragraph 7) by Fedwire Electronic Funds Transfer (EFT) to the United States Department of Justice, in accordance with current EFT procedures and instructions provided to Pacific by the Office of the United States Attorney for the Central District of California.  The payment shall reference the Civil Action Number assigned to this case and DOJ Number 90-5-1-1-09019, and shall specify that the payment is made toward CWA civil penalties to be deposited into the Oil Spill Liability Trust Fund pursuant to 33 U.S.C. § 1321(s), § 4304 of Pub. L. No. 101-380, and 26 U.S.C. § 9509(b)(8).  Any funds received after 11:00 a.m. Eastern Time shall be credited on the next business day.  Within 10 days of the date of the payment, Pacific shall submit to the United States, as provided in Section XIV (Notices), notice of all payments made pursuant to this Paragraph, and also to:

Stephen C. Ewart

NPFC-MS 7100

National Pollution Funds Center

4200 Wilson Blvd., Suite 1000

Arlington, Virginia  20598-7100

and

Commander Robert Bruce

United States Coast Guard

Office of Claims and Litigation

2100 Second Street, S.W.

Washington, D.C.  20593-0001.

9.     Pacific shall not deduct any penalties, including interest, paid under this Decree pursuant to this Section or Section VIII (Stipulated Penalties) in calculating its federal income tax.

## V.  COMPLIANCE REQUIREMENTS

10.     Pacific shall fund and perform all tasks described in, and comply with all requirements of, Appendix A, which is incorporated herein.

11.     Approval of Deliverables.  After review of any plan, report, or other item that is required to be submitted pursuant to this Consent Decree, EPA shall in writing: a) approve the submission; b) approve the submission upon specified conditions; c) approve part of the submission and disapprove the remainder; or d) disapprove the submission.

12.     If the submission is approved pursuant to Paragraph 11a, Pacific shall take all actions required by the plan, report, or other document, in accordance with the schedules and requirements of the plan, report, or other document, as approved.  If the submission is conditionally approved or approved only in part, pursuant to Paragraph 11 b or c, Pacific may request written consent from EPA to take all actions required by the approved portions of the plan, report, or other document, in accordance with the schedules and requirements of the plan, report, or other document, as approved.

13.     If the submission is disapproved in whole or in part pursuant to Paragraph 11c or d, Pacific shall, within ninety (90) days or such other time as the Parties agree to in writing, correct all deficiencies and resubmit the plan, report, or other item, or disapproved portion thereof, for approval, in accordance with the preceding

Paragraphs.  If the resubmission is approved in whole or in part, Pacific shall proceed in accordance with the preceding Paragraph.

14.  Any stipulated penalties as provided in Section VIII of this Decree applicable to a required original submission, if any are submitted, as referenced in Paragraph 11, shall accrue during the 90-Day period or other specified period, but shall not be payable unless the resubmission is untimely or is disapproved in whole or in part; provided that, if the original submission was so deficient as to constitute a material breach of Pacific's obligations under this Decree, the stipulated penalties applicable to the original submission shall be due and payable notwithstanding any subsequent resubmission.

15.  If a required resubmitted plan, report, or other item, or portion thereof, is disapproved in whole or in part, EPA may again require Pacific to correct any deficiencies, in accordance with the preceding Paragraphs, or may itself/themselves correct any deficiencies, subject to Pacific's right to invoke Dispute Resolution and the right of EPA to seek stipulated penalties as provided in the preceding Paragraphs.

## VII.  REPORTING REQUIREMENTS

16.  Pacific shall submit the following reports:

a.  Within thirty (30) Days after the end of each calendar semi-annual period (*i.e.*, by July 30 and January 30) after lodging of this Consent Decree, until termination of this Decree pursuant to Section XVIII (Termination), Pacific shall submit by first class mail or substantially equivalent method a report for the preceding semi-annual period that shall include the status of any construction or compliance measures; completion of milestones; problems encountered or anticipated, together with implemented or proposed solutions; status of permit applications; operation and maintenance; and reports to state agencies.

b.  The report shall also include a description of any non-compliance with the requirements of this Consent Decree and an explanation of the alleged

violations and of the remedial steps taken, or to be taken, to prevent or minimize such violation.  If Pacific believes it violated any requirement of this Consent Decree, Pacific shall notify the United States of such violation and its likely duration, in writing, within ten (10) working Days of the Day Pacific first becomes aware of the violation, with an explanation of the alleged violations and of the remedial steps taken, or to be taken, to prevent or minimize such violation.  If the cause of an alleged violation cannot be fully explained at the time the report is due, Pacific shall so state in the report.  Pacific shall investigate the cause of the violation and shall then submit an amendment to the report, including a full explanation of the cause of the violation, within thirty (30) Days of the Day Pacific becomes aware of the cause of the violation. Nothing in this Paragraph or the following Paragraph relieves Pacific of its obligation to provide the notice required by Section IX of this Consent Decree (Force Majeure).

      17.    Whenever any violation of this Consent Decree or any other event affecting Pacific's performance under this Decree, or the performance of its Facilities, may pose an immediate threat to the public health or welfare or the environment, Pacific shall notify EPA verbally or by electronic or facsimile transmission as soon as possible, but no later than 24 hours after Pacific first knew of the violation or event. This procedure is in addition to the requirements set forth in the preceding Paragraph. Notifications required by this Paragraph shall be sent to:

                U.S. Environmental Protection Agency

                Region IX

                Emergency Response Section (SFD-9-2)

                75 Hawthorne Street

                San Francisco, CA 94105

                allen.harryl@epa.gov

                (415) 972-3063(telephone)

                (415) 947-3570 (facsimile)

18.     All reports shall be submitted to the persons designated in Section XIV of this Consent Decree (Notices).

19.     Each report submitted by Pacific under this Section shall be signed by an official of the submitting party and include the following certification:

> I certify under penalty of law that I have examined and am familiar with the information submitted in this document and all attachments and that this document and all attachments were prepared either by me personally or under my direction or supervision in a manner designed to assure that qualified and knowledgeable personnel properly gather and present the information contained therein.   I further certify, based on personal knowledge or on my inquiry of those persons directly responsible for obtaining the information, that the information submitted is, to my knowledge and belief, true, accurate, and complete.

20.     The reporting requirements of this Consent Decree do not relieve Pacific of any reporting obligations required by the CWA or implementing regulations, or by any other federal, state, or local law, regulation, permit, or other requirement.

21.     Any information provided pursuant to this Consent Decree may be used by the United States in any proceeding to enforce the provisions of this Consent Decree and as otherwise permitted by law.

## VIII.  STIPULATED PENALTIES

22.     Pacific shall be liable for stipulated penalties to the United States for violations of this Consent Decree as specified below, unless excused under Section IX (Force Majeure).  A violation includes failing to perform any obligation required by the terms of this Decree according to all applicable requirements of this Decree and within the specified time schedules established by or approved under this Decree.

23.     Late Payment of Civil Penalty.  If Pacific fails to pay the civil penalty, including interest, required to be paid under Section IV of this Decree (Civil Penalty) when due, Pacific shall pay a stipulated penalty of $1,500 per Day for each Day that the payment is late.

24.     The following stipulated penalties shall accrue per violation per Day for each violation of the requirements of this Consent Decree:

| Penalty Per Violation Per Day | Period of Noncompliance |
| --- | --- |
| $500 | 1st through 14th Day |
| $1,000 | 15th through 30th Day |
| $2,500 | 31st Day and beyond. |

25.     Stipulated penalties under this Section shall begin to accrue on the Day after performance is due or on the Day violation occurs, whichever is applicable, and shall continue to accrue until performance is satisfactorily completed or until the violation ceases.  Stipulated penalties shall accrue simultaneously for separate violations of this Consent Decree.

26.     Pacific shall pay any stipulated penalty within thirty (30) Days of receiving the United States' written demand.   Pacific shall be liable for interest on stipulated penalties, as provided for in 28 U.S.C. § 1961, accruing as of the date payment becomes due.

27.     The United States may in the unreviewable exercise of its discretion, reduce or waive stipulated penalties otherwise due it under this Consent Decree.

28.     Stipulated penalties shall continue to accrue as provided in Paragraph 25, during any Dispute Resolution, but need not be paid until the following:

a.     If the dispute is resolved by agreement, which may or may not require payment of any stipulated penalty, or by a decision of EPA that is not appealed to the Court, Pacific shall pay accrued penalties determined to be owing, together with interest, to the United States within thirty (30) Days of the effective date of the agreement or the receipt of EPA's decision or order.

   b. If the dispute is appealed to the Court and the United States prevails in whole or in part, Pacific shall pay all accrued penalties determined by the Court to be owing, together with interest, within sixty (60) Days of receiving the Court's decision or order, except as provided in subparagraph c, below.

   c. If any Party appeals the District Court's decision, Pacific shall pay all accrued penalties determined by the Court to be owing, together with interest, within fifteen (15) Days of receiving the final appellate court decision.

  29. Pacific shall pay stipulated penalties and interest owing to the United States in the manner set forth and with the confirmation notices required by Paragraph 8, except that the transmittal letter shall state that the payment is for stipulated penalties and shall state for which violation(s) the penalties are being paid.

  30. If Pacific fails to pay stipulated penalties according to the terms of this Consent Decree, Pacific shall be liable for interest on such penalties, as provided for in 28 U.S.C. 1961, accruing as of the date payment became due.  Nothing in this Paragraph shall be construed to limit the United States from seeking any remedy otherwise provided by law for Pacific's failure to pay any stipulated penalties.

  31. Subject to the provisions of Section XII of this Consent Decree (Effect of Settlement/Reservation of Rights), the stipulated penalties provided for in this Consent Decree shall be in addition to any other rights, remedies, or sanctions available to the United States for Pacific's violation of this Consent Decree or applicable law.

## IX. FORCE MAJEURE

  32. "Force majeure," for purposes of this Consent Decree, is defined as any event arising from causes beyond the control of Pacific, or any entity subject to control by Pacific, that delays or prevents the performance of any obligation under this Consent Decree despite Pacific's best efforts to fulfill the obligation.  The requirement that Pacific exercise "best efforts to fulfill the obligation" includes best efforts to anticipate any potential force majeure event and best efforts to address the effects of any such event (a) as it is occurring and (b) after it has occurred to prevent or minimize

any resulting delay to the greatest extent possible.  "Force Majeure" does not include Pacific's financial inability to perform any obligation under this Consent Decree.

33.     If any event occurs or has occurred that may delay the performance of any obligation under this Consent Decree, whether or not caused by a Force Majeure event, Pacific shall provide notice verbally or by electronic or facsimile transmission to EPA, within seventy two (72) hours of when Pacific first learned of, or by the exercise of due diligence should have known that the event might cause a delay.  Within six (6) days thereafter, Pacific shall provide in writing to EPA an explanation and description of the reasons for the delay; the anticipated duration of the delay; all actions taken or to be taken to prevent or minimize the delay or mitigate the effect of the delay; a schedule for implementation of any measures to be taken to prevent or minimize the delay or mitigate the effect of the delay; Pacific's rationale for attributing such delay to a Force Majeure event if it intends to assert such a claim; and a statement as to whether, in the opinion of Pacific, such event may cause or contribute to an endangerment to public health, welfare, or the environment.  Pacific shall include with the explanation all readily available documentation supporting the claim that the delay was attributable to a Force Majeure and may provide further documentation.  Failure to comply with the above requirements shall preclude Pacific from asserting any claim of Force Majeure for that event for the period of time of such failure to comply, and for any additional delay caused by such failure.   For purposes of this Section IX, Pacific shall be deemed to know of any circumstance of which Pacific, or any of its officers, employees, agents (whether or not contractors), or contractors, knew or should have known. Notifications required by this Paragraph shall be sent to:

> U.S. Environmental Protection Agency , Region IX
>
> Emergency Response Section (SFD-9-2)
>
> 75 Hawthorne Street , San Francisco, CA 94105
>
> allen.harryl@epa.gov
>
> (415) 947-3570 (facsimile)

34.    If EPA agrees that the delay or anticipated delay is attributable to a Force Majeure event, the time for performance of the obligations under this Consent Decree that are affected by the Force Majeure event may be extended by EPA for such time as is necessary to complete those obligations.  An extension of the time for performance of the obligations affected by the Force Majeure event shall not, of itself, extend the time for performance of any other obligation.  EPA will notify Pacific in writing of the length of the extension, if any, for performance of the obligations affected by the Force Majeure event.

35.    If EPA does not agree that the delay or anticipated delay has been or will be caused by a Force Majeure event, Pacific may elect to invoke Dispute Resolution procedures set forth in Section X (Dispute Resolution) of this Consent Decree.

36.    If Pacific elects to invoke the dispute resolution procedures set forth in Section X (Dispute Resolution), it shall do so no later than twenty (20) days after receipt of EPA's notice.  In any such proceeding, Pacific shall have the burden of demonstrating that the delay or anticipated delay has been or will be caused by a Force Majeure event, that the duration of the delay or the extension sought was or will be warranted under the circumstances, that best efforts were exercised to avoid and mitigate the effects of the delay, that Pacific complied with the requirements of Paragraphs 32 and 33, above, and that EPA's rejection of Pacific's assertion of Force Majeure is arbitrary and capricious.  If Pacific carries this burden, the delay at issue shall be deemed not to be a violation by Pacific of the affected obligation of this Consent Decree identified to EPA and the Court.

## X.  DISPUTE RESOLUTION

37.    Unless otherwise expressly provided for in this Consent Decree, the dispute resolution procedures of this Section shall be the exclusive mechanism to resolve disputes arising under or with respect to this Consent Decree.  Pacific's failure to seek resolution of a dispute under this Section X shall preclude Pacific from raising

any such issue as a defense to an action by the United States to enforce any obligation of Pacific arising under this Decree.

38.     Informal Dispute Resolution. Any dispute subject to Dispute Resolution under this Consent Decree shall first be the subject of informal negotiations.  The dispute shall be considered to have arisen when Pacific sends the United States a written Notice of Dispute.  Such Notice of Dispute shall state clearly the matter in dispute.  The period of informal negotiations shall not exceed twenty (20) Days from the date of such Notice, unless that period is modified by written agreement.  If the Parties cannot resolve a dispute by informal negotiations, then the position advanced by the EPA shall be binding unless, within forty five (45) Days after the conclusion of the informal negotiation period, Pacific invokes formal dispute resolution procedures as set forth below.

39.     Formal Dispute Resolution.  Pacific shall invoke formal dispute resolution procedures, within the time period provided 45 days of the cessation of informal negotiation as discussed in the preceding Paragraph, by serving on the United States a written Statement of Position regarding the matter in dispute.  The Statement of Position shall include, but need not be limited to, any factual data, analysis, or opinion supporting Pacific's position and any supporting documentation relied upon by Pacific.

40.     The United States shall serve its Statement of Position within forty-five (45) Days of receipt of Pacific's Statement of Position.  The United States' Statement of Position shall include, but need not be limited to, any factual data, analysis, or opinion supporting that position and any supporting documentation relied upon by the United States.  The United States Statement of Position shall be binding on Pacific, unless Pacific files a motion for judicial review of the dispute in accordance with the following Paragraph.

41.     Pacific may seek judicial review of the dispute by filing with the Court and serving on the United States, in accordance with Section XIV of this Consent Decree (Notices), a motion requesting judicial resolution of the dispute.  The motion

must be filed within thirty (30) Days of receipt of the United States' Statement of Position pursuant to the preceding Paragraph. The motion shall contain a written statement of Pacific's position on the matter in dispute, including any supporting factual data, analysis, opinion, or documentation, and shall set forth the relief requested and any schedule within which the dispute must be resolved for orderly implementation of the Consent Decree.

42.    The United States shall respond to Pacific's motion within the time period allowed by the Local Rules of this Court. Pacific may file a reply memorandum, to the extent permitted by the Local Rules.

43.    <u>Standard of Review</u>

a.    <u>Disputes Concerning Matters Accorded Record Review</u>. Except as otherwise provided in this Consent Decree, in any dispute brought under Paragraph 41 pertaining to the adequacy or appropriateness of plans, procedures to implement plans, schedules or any other items requiring approval by EPA under this Consent Decree; the adequacy of the performance of work undertaken pursuant to this Consent Decree; and all other disputes that are accorded review on the administrative record under applicable principles of administrative law, Pacific shall have the burden of demonstrating, based on the administrative record, that the position of the United States is arbitrary and capricious or otherwise not in accordance with law.

b.    <u>Other Disputes</u>. Except as otherwise provided in this Consent Decree, in any other dispute brought under Paragraph 41, Pacific shall bear the burden of demonstrating that its position complies with this Consent Decree and better further the objectives of the Consent Decree. For purposes of this subparagraph 43b, the Parties shall retain all of their rights allowed by law.

44.    The invocation of dispute resolution procedures under this Section shall not, by itself, extend, postpone, or affect in any way any obligation of Pacific under this Consent Decree, unless and until final resolution of the dispute so provides. Stipulated penalties and interest with respect to the disputed matter shall continue to

accrue from the first Day of noncompliance, but payment shall be stayed pending resolution of the dispute.  If Pacific does not prevail on the disputed issue, stipulated penalties shall be assessed and paid as provided in Section VIII (Stipulated Penalties).

## XI.  INFORMATION COLLECTION AND RETENTION

45.   The United States and its representatives, including attorneys, contractors, and consultants, shall have the right of entry into any facility covered by this Consent Decree, upon presentation of credentials, to:

a.   monitor the progress of activities required under this Consent Decree;

b.   verify any data or information submitted to the United States in accordance with the terms of this Consent Decree; and

c.   obtain documentary evidence, including photographs and similar data.

46.   Until six (6) years after the termination of this Consent Decree, Pacific shall retain, and shall instruct its contractors and other agents to preserve, all non-identical copies of all documents, records, or other information (including documents, records, or other information in electronic form) in its or its contractors' or other agents' possession or control, or that come into its or its contractors' or other agents' possession or control, and that relate in any manner to Pacific's performance of its obligations under this Consent Decree.  This information-retention requirement shall apply regardless of any contrary corporate or institutional policies or procedures.  At any time during this information-retention period, upon request by the United States, Pacific shall provide copies of any documents, records, or other information required to be maintained under this Paragraph.

47.   At the conclusion of the information-retention period provided in the this Section, Pacific shall notify the United States at least ninety (90) Days prior to the destruction of any documents, records, or other information subject to the requirements of the preceding Paragraph and, upon request by the United States, Pacific shall deliver

any such documents, records, or other information to EPA.  Pacific may assert that certain documents, records, or other information is privileged under the attorney-client privilege or any other privilege recognized by federal law.  If Pacific asserts such a privilege, it shall provide the following:  (1) the title of the document, record, or information; (2) the date of the document, record, or information; (3) the name and title of each author of the document, record, or information; (4) the name and title of each addressee and recipient; (5) a description of the subject of the document, record, or information; and (6) the privilege asserted by Pacific.  However, no final documents, records, or other information required by this Consent Decree shall be withheld on grounds of privilege.

48.     Pacific may also assert that any information required to be provided under this Consent Decree is protected as Confidential Business Information ("CBI") under 40 C.F.R. Part 2.  As to any information that Pacific seeks to protect as CBI, Pacific shall follow the procedures set forth in 40 C.F.R. Part 2.

49.     This Consent Decree in no way limits or affects any right of entry and inspection, or any right to obtain information, held by the United States pursuant to applicable federal laws, regulations, or permits, nor does it limit or affect any duty or obligation of Pacific to maintain documents, records, or other information imposed by applicable federal or state laws, regulations, or permits.

## XII.  EFFECT OF SETTLEMENT/RESERVATION OF RIGHTS

50.     This Consent Decree resolves the civil claims of the United States for the violations alleged in the Complaint filed in this action through the date of lodging.

51.     The United States reserves all legal and equitable remedies available to enforce the provisions of this Consent Decree, except as expressly stated in this Consent Decree.  This Consent Decree shall not be construed to limit the rights of the United States to obtain penalties or injunctive relief under the Act or implementing regulations, or under other federal laws, regulations, or permit conditions, except as expressly specified in this Consent Decree.

52.    In any subsequent administrative or judicial proceeding initiated by the United States for injunctive relief, civil penalties, other appropriate relief relating to the Facilities, Pacific shall not assert, and may not maintain, any defense or claim based upon the principles of waiver, res judicata, collateral estoppel, issue preclusion, claim preclusion, claim-splitting, or other defenses based upon any contention that the claims raised by the United States in the subsequent proceeding were or should have been brought in the instant case, except with respect to claims that have been specifically resolved pursuant to Paragraph 50 of this Section.

53.    This Consent Decree is not a permit, nor a modification of any permit, under any federal, State, or local laws or regulation.  Pacific is responsible for achieving and maintaining compliance with all applicable federal, State, and local laws, regulations, orders and permits; and Pacific's compliance with this Consent Decree shall be no defense to any action commenced pursuant to any applicable laws, regulations, orders or permits, except as set forth herein.  The United States does not, by its consent to the entry of this Consent Decree, warrant or aver in any manner that Pacific's compliance with any aspect of this Consent Decree will result in compliance with provisions of the CWA or with any other provisions of federal, State, or local laws, regulations, orders or permits.

54.    Pacific hereby covenants not to sue and agrees not to assert or further pursue any claims related to the March 23, 2005 discharge from Pacific's Line 63 pipeline, or response activities in connection with that incident, against the United States pursuant to the CWA, the Oil Pollution Act of 1990 ("OPA"), 33 U.S.C. § 2701 *et seq.*, or any other federal or California law or regulation, including, but not limited to, any direct or indirect claim for reimbursement from the Oil Spill Liability Trust Fund, or pursuant to any other provision of law.  Within 10 days of the Effective Date of this Consent Decree, Pacific shall withdraw any and all pending claims against the Oil Spill Liability Trust Fund.

55.     This Consent Decree does not limit or affect the rights of Pacific or of the United States against any third parties, not party to this Consent Decree, nor does it limit the rights of third parties, not party to this Consent Decree, against Pacific, except as otherwise provided by law.

56.     This Consent Decree shall not be construed to create rights in, or grant any cause of action to, any person not party to this Consent Decree.

XIII.  <u>COSTS</u>

57.     The Parties shall bear their own costs of this action, including attorneys' fees, except that the United States shall be entitled to collect the costs (including attorneys' fees) incurred in any action necessary to enforce the terms of this Consent Decree.

XIV.  <u>NOTICES</u>

58.     Unless otherwise specified herein, whenever notifications, submissions, or communications are required by this Consent Decree, they shall be made in writing and addressed as follows:

<u>To the United States</u>:

Chief, Environmental Enforcement Section

Environment and Natural Resources Division

U.S. Department of Justice

Box 7611 Ben Franklin Station

Washington, D.C.  20044-7611

Re: DOJ No. 90-5-1-1-09019


Andrew Helmlinger

Attorney Advisor

U.S. Environmental Protection Agency

75 Hawthorne Street (ORC-3)

San Francisco, CA 94105

1    Telephone: (415) 972-3904

2    Facsimile: (415) 947-3570

3    helmlinger.andrew@epa.gov

4

5    To Pacific:

6    Pacific Pipeline System LLC

7    333 Clay St., Ste. 1600

8    Houston, TX 77002

9    Attention: Lawrence J. Dreyfuss, Vice President

10   Telephone: 713-646-4143

11   E-mail: ljdreyfuss@paalp.com

12

13   With a copy to:

14   Susan Yu

15   Mesereau & Yu, LLP

16   10390 Santa Monica Blvd., Ste. 220, Los Angeles, CA 90025

17   E-mail:  yu@mesereauyu.com

18       59.    Any Party may, by written notice to the other Parties, change its

19   designated notice recipient or notice address provided above.

20       60.    Notices submitted pursuant to this Section shall be deemed submitted

21   upon mailing, unless otherwise provided in this Consent Decree or by mutual

22   agreement of the Parties in writing.

23

24                    XV.  EFFECTIVE DATE

25       61.    The Effective Date of this Consent Decree shall be the date upon which

26   this Consent Decree is entered by the Court or a motion to enter the Consent Decree is

27   granted, whichever occurs first, as recorded on the Court's docket.

28

## XVI.  RETENTION OF JURISDICTION

62.    The Court shall retain jurisdiction over this case until termination of this Consent Decree, for the purpose of resolving disputes arising under this Decree or entering orders modifying this Decree, pursuant to Sections X (Dispute Resolution) and XVII (Modification), or effectuating or enforcing compliance with the terms of this Decree.

## XVII.  MODIFICATION

63.    The terms of this Consent Decree, including any attached appendices and work plans, may be modified only by a subsequent written agreement signed by all the Parties.  Where the modification constitutes a material change to this Decree, it shall be effective only upon approval by the Court.

## XVIII.  TERMINATION

64.    This Consent Decree may be terminated when the United States determines that Pacific has satisfactorily completed performance of its compliance obligations required by Tasks 1 through 5 of Appendix A to this Decree, provided that Pacific has fulfilled all other obligations of this Decree, including all payments due under Section IV (Civil Penalty) and Section VIII (Stipulated Penalties) of this Consent Decree.  The Parties shall file with the Court an appropriate stipulation reciting that the requirements of the Consent Decree have been met and requesting termination of the Consent Decree.  If the Plaintiff does not agree with Pacific that Pacific has satisfied the requirements of this Consent Decree, Pacific may invoke Dispute Resolution under Section X of this Decree.

## XIX.  PUBLIC PARTICIPATION

65.    This Consent Decree shall be lodged with the Court for a period of not less than thirty (30) Days for public notice and comment in accordance with 28 C.F.R. 50.7.  The United States reserves the right to withdraw or withhold its consent if the comments regarding the Consent Decree disclose facts or considerations indicating that the Consent Decree is inappropriate, improper, or inadequate.  Pacific consents to entry

-24-

of this Consent Decree without further notice and agrees not to withdraw from or oppose entry of this Consent Decree by the Court or to challenge any provision of the Decree, unless the United States has notified Pacific in writing that it no longer supports entry of the Decree.

XX.  <u>SIGNATORIES/SERVICE</u>

66.     Each undersigned representative of Pacific and the Assistant Attorney General for the Environment and Natural Resources Division of the Department of Justice certifies that he or she is fully authorized to enter into the terms and conditions of this Consent Decree and to execute and legally bind the Party he or she represents to this document.

67.     This Consent Decree may be signed in counterparts, and its validity shall not be challenged on that basis.  Pacific agrees to accept service of process by mail with respect to all matters arising under or relating to this Consent Decree and to waive the formal service requirements set forth in Rules 4 and 5 of the Federal Rules of Civil Procedure and any applicable Local Rules of this Court including, but not limited to, service of a summons.

XXI.  <u>INTEGRATION</u>

68.     This Consent Decree constitutes the final, complete, and exclusive agreement and understanding among the Parties with respect to the settlement embodied in the Decree and supersedes all prior agreements and understandings, whether verbal or written, concerning the settlement embodied herein.  Other than deliverables that are subsequently submitted and approved pursuant to this Decree, no other document, nor any representation, inducement, agreement, understanding, or promise, constitutes any part of this Decree or the settlement it represents, nor shall it be used in construing the terms of this Decree.

1

2                          XXII.  FINAL JUDGMENT

3          69.     Upon approval and entry of this Consent Decree by the Court, this

4   Consent Decree shall constitute a final judgment of the Court as to the United States

5   and Pacific.

6                                  *APPENDIX*

7          70.     The following Appendix A is attached to and part of this Consent Decree.

8   Appendix A is the Statement of Work to be Performed.

9

10

11                          3/4/10

12  Dated and entered on:  _____    _____

13                                          HONORABLE DALE S. FISCHER
                                            UNITED STATES DISTRICT JUDGE
14                                          CENTRAL DISTRICT OF CALIFORNIA

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1  The undersigned party hereby enters into this Consent Decree in the matter of <u>United</u>

2  <u>States v. Pacific Pipeline Systems, LLC</u>, CV08-5768 DSF (SSx) (C.D. Cal.)

3

4                          FOR THE UNITED STATES OF AMERICA (DOJ):

5

6                          _____

7                          Ignacia S. Moreno

8                          Assistant Attorney General.

9                          Environment and Natural Resources Division

10                         United States Department of Justice

11  [Signature page for EPA continued on next page]

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1    The undersigned party hereby enters into this Consent Decree in the matter of <u>United</u>
2    <u>States v. Pacific Pipeline Systems, LLC</u>, CV08-5768 DSF (SSx) (C.D. Cal.)

3
4                        FOR THE UNITED STATES OF AMERICA (EPA Region 9):

5                                     Regional Administrator
6                                     Environmental Protection Agency
                                      Region 9
7

8                    By:     _____
9                            Laura Yoshii
                             Acting Regional Administrator
10                           Environmental Protection Agency
11                           Region 9

12

13   [Signature page for EPA OECA continued on next page]

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

The undersigned party hereby enters into this Consent Decree in the matter of <u>United States v. Pacific Pipeline Systems, LLC</u>, CV08-5768 DSF (SSx) (C.D. Cal.)

FOR THE UNITED STATES OF AMERICA (EPA OECA):

_____
CYNTHIA GILES
Assistant Administrator for Enforcement and
     Compliance Assurance
U.S. Environmental Protection Agency
Washington, D.C.

OF COUNSEL:

CHERYL ROSE
Senior Attorney
Water Enforcement Division
Office of Civil Enforcement - OECA
1200 Pennsylvania Ave., NW
Washington, D.C. 20460

[Signature page for PPS continued on next page]

The undersigned party hereby enters into this Consent Decree in the matter of <u>United States v. Pacific Pipeline Systems, LLC</u>, CV08-5768 DSF (SSx) (C.D. Cal.)

FOR PACIFIC PIPELINE SYSTEMS, LLC:

By: _____
Harry N Pefanis
President
PACIFIC PIPELINE SYSTEMS, LLC

By: _____
Susan C. Yu
MESEREAU & YU, LLP
Attorneys for Pacific Pipeline Systems, LLC